UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| LYNDON MCKINNEY on behalf of himself and all others similarly situated, | CASE NO. 13-cv-222 |
| Plaintiffs, | COLLECTIVE AND CLASS ACTION COMPLAINT |
| v. | |
| MED GROUP TRANSPORTATION, LLC, a Domestic Limited Liability, Corporation, | JURY TRIAL DEMANDED |
| and | |
| EUGENE SHIKMAN | |
| Defendants. | |

PRELIMINARY STATEMENT

1.      This is a collective and class action brought by

Representative Plaintiff Lyndon McKinney, on behalf of himself and

all other similarly situated current and former employees who worked

as Drivers of Med Group Transportation, LLC and Eugene Shikman.

McKinney is a current Driver employed by Med Group Transportation,

LLC and Eugene Shikman. It is the policy of Med Group

Transportation, LLC and Eugene Shikman to compensate their

Drivers at a straight-time rate when the drivers work more than forty

hours in a workweek, denying the Drivers overtime premium compensation for those hours. Moreover, Med Group Transportation, LLC and Eugene Shikman do not pay their Drivers for certain travel-time which is integral and indispensable to the Driver's principle activity of providing non-emergency medical transportation in specialized medical vehicles.

2.      Med Group Transportation, LLC and Eugene Shikman provide non-emergency medical transportation services in specialized medical vehicles to individuals who are disabled and/or elderly and are in need of such transportation assistance. Mr. Eugene Shikman is the owner of Med Group Transportation, LLC.

3.      McKinney brings this action, on behalf of himself and other similarly situated current and former employees, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for purposes of obtaining relief under the FLSA for unpaid overtime compensation, unpaid wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

4.      McKinney brings this action, on behalf of himself and other similarly situated current and former employees, as a class action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's Wage Payment and Collection Laws ("WWPCL")

(Wis. Stat. § 109.01 et seq., Wis. Stat. § 104.01 et seq., Wis. Stat. § 103.001 et seq., Wis. Admin. Code § DWD 274.01 et seq., and Wis. Admin. Code § DWD 272.001 et seq.) for unpaid overtime compensation, unpaid wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

5.     The deliberate failure to properly compensate its Drivers overtime compensation by Med Group Transportation, LLC, at the direction of Mr. Eugene Shikman, violates federal law as set forth in the FLSA and state law as set forth in the WWPCL.

<u>JURISDICTION AND VENUE</u>

6.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA").

7.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over the state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions

giving rise to the claims occurred in this district, and Defendants have substantial and systematic contacts in this district.

PARTIES

9. Defendant Med Group Transportation, LLC ("Med Group Transportation") is a Wisconsin Corporation with a principal place of business in Mequon, Wisconsin. Med Group Transportation's registered agent for service of process in the State of Wisconsin is Dariko Mekvabishvili located at 11402 N. Port Washington Road, Suite #215, Mequon, Wisconsin, 53092. Med Group Transportation's principle place of business is located at 11402 N. Port Washington Road, Suite #215, Mequon, Wisconsin, 53092.

10. Defendant Eugene Shikman ("Shikman") is an owner of Med Group Transportation. Shikman oversees the day-to-day financial operation of Med Group Transportation and has operation control over the human resources and compensation aspects at Med Group Transportation.

11. Shikman is a resident of the State of Wisconsin and resides at 2129 W. Woodside Ln 119N, Mequon, WI 53092.

12. Defendants Med Group Transportation and Shikman will be collectively referred to as "Defendants" hereinafter.

13. Plaintiff Lyndon McKinney (hereinafter "McKinney") is an adult who resides in the City of Milwaukee, County of Milwaukee,

State of Wisconsin. McKinney's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A and is made a part of this Complaint. McKinney is a current employee of Defendants who works as a Driver and has worked for Defendants within three years from the date of filing of this Complaint.

14. McKinney brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The Collective Class is defined as follows:

> All persons who are or have been employed by Defendants as a Driver, and who worked in excess of forty hours in any one workweek, within three years prior to this action's filing date, without receiving overtime premium compensation for each hour worked over forty in a workweek and who were not compensated for all hours spent working prior to picking up their first customer and after dropping off their last customer.

15. McKinney brings this action on behalf of himself and the Wisconsin Class pursuant to FED. R. CIV. P. Rule 23. The Wisconsin Class is defined as follows:

> All persons who are or have been employed by Defendants in Wisconsin as a Driver, and who worked in excess of forty hours in any one workweek, within two years prior to this action's filing date, without receiving overtime premium compensation for each hour worked over forty in a workweek and who were not compensated for all hours spent working prior to picking up their first customer and after dropping off their last customer.

Case 2:13-cv-00222-JPS   Filed 02/28/13   Page 5 of 27   Document 1

## GENERAL ALLEGATIONS

16.     McKinney and the Collective Class work, or have worked, for Defendants as Drivers within the three years preceding the filing of this complaint.

17.     McKinney and the Wisconsin Class work, or have worked, for Defendants as Drivers at locations in Wisconsin within the two years preceding the filing of this complaint.

18.     Defendants provide non-emergency medical transportation services to elderly and/or disabled individuals in Milwaukee and the surrounding suburbs.

19.     Defendants employ Drivers to provide door-to-door transportation services to Defendants' customers.

20.     Defendants' Drivers operate specialized medical vehicles which are modified vans, or similar vehicles, to accommodate loading, unloading and safe transportation of elderly and/or disabled individuals.

21.     Defendants' Drivers are dispatched by Defendants to various locations to pick up and provide non-emergency medical transportation to Defendants' customers.

22.     Each morning, Defendants require their drivers report to a central location in Mequon, Wisconsin to pick up Defendants' vehicles which are used to transport customers throughout the day. At

this central location, Defendants provide its Drivers with a list of customers the Drivers will be transporting that day and those clients' locations and pick up times. Defendants also require their drivers to complete an inspection of their vehicles prior to leaving the central location. After leaving the central vehicle pick up location, Defendants require their Drivers to travel to the location of the first client.

23. Defendants do not begin to compensate their Drivers until they arrive at the first customer location.

24. Defendants do not compensate their Drivers for the time spent at the central location picking up Defendants' vehicles, obtaining information from Defendants, performing the vehicle inspection, and traveling from Defendants' central location to their first customer of the day.

25. After the last dispatch each day, Defendants' Drivers are required to return their vans to Defendants' central location. Defendants do not compensate their Drivers for the time it takes to travel from the last customer drop off back to Defendants' central location.

26. Defendants contact each Driver in the evening to inform the Driver what time their first customer pick-up is. Defendants do not compensate the Drivers for the time it takes each Driver to receive this information and plan out his/her next morning.

27. Defendants' Drivers operate specialized medical transport vans.

28. Defendants' medical transport vans do not have toplights similar to those on taxis.

29. Defendants' medical transport vans do not have lights on top of the vehicles indicating whether they are available to pick up customers.

30. Defendants' medical transport vans do not have the word "Milwaukee" on the right and left sides of the vehicle.

31. Defendants' medical transport vans do not have a taxi permit number, issued by the Milwaukee Common Counsel, displayed on the right and left sides of the vehicle.

32. Defendants' medical transport vans do not have the taxi permit number, issued by the Milwaukee Common Counsel, displayed on the back of the driver's seat.

33. Defendants' medical transport vans do not have taximeters.

34. Defendants do not charge its customers by the fraction of a mile.

35. Defendants do not charge its customers for wait time.

36. Defendants have not applied for a zone fair taxicab permit from the City of Milwaukee.

37.     Defendants prohibit its Drivers from picking up passengers who hail or signal the driver.

38.     Defendants prohibit its Drivers from picking up passengers other than those who have been dispatched to the Drivers by Defendants.

39.     Defendants prohibit its Drivers from picking up passengers other than individuals who are elderly and/or disabled.

40.     City of Milwaukee ordinances prohibit Defendants from allowing its Drivers to pick up customers who have hailed or signaled for the Driver.

41.     Defendants' medical transport vans are not offered for hire to the general public on city streets.

42.     An individual on the side of the street cannot hail Defendants' Drivers to obtain transportation.

43.     An individual on the side of the street cannot flag down Defendants' Drivers to obtain transportation.

44.     Defendants' medical transport vans do not display the rates charged by Defendants inside of the vehicle.

45.     Defendants permit multiple customers to be transported at the same time to different locations.

Case 2:13-cv-00222-JPS   Filed 02/28/13   Page 9 of 27   Document 1

46.     Defendants prohibit their drivers from going to the airport to pick up customers who have not been scheduled through Defendants' dispatch.

47.     Defendants prohibit their Drivers from continuing to transport customers after Defendants' last dispatched customer of the day.

48.     Defendants' medical transport vans do not say "taxi" on the outside of the vehicle.

49.     Defendants' Drivers do not hold Class T licenses with the City of Milwaukee.

50.     Defendants' drivers are not licensed by the City of Milwaukee to operate taxis.

51.     Defendants' Drivers cannot use their discretion to determine where to find customers.

52.     Defendants' Drivers do not exercise initiative in locating customers.

53.     Defendants require all passengers be scheduled through Defendants' dispatch.

54.     Defendants prohibit Drivers from making change for customers.

55.     Defendants' Drivers are prohibited from receiving tips.

Case 2:13-cv-00222-JPS   Filed 02/28/13   Page 10 of 27   Document 1

56. The majority of Defendants' customers do not pay for the transportation at the time of the transportation.

57. Defendants receive reimbursement from Medicare for the transportation services provided to its customers.

58. Defendants receive reimbursement from Medicaid for the transportation services provided to its customers.

59. Defendants' medical transport vans have doorways wide enough to accommodate a wheelchair.

60. Defendants' medical transport vans have ramps or lifting devices for elevating wheelchairs from the curb or sidewalk to the vehicle.

61. Defendants' medical transport vans have means to secure wheelchairs to the inside of the vehicle and safety belts for handicapped individuals.

62. Defendants do not list their services under "Taxi" in the phone book.

63. Defendants require their Drivers to fuel Defendants' medical transport vans.

64. Defendants provide their Drivers with a credit card to use for purchasing fuel for the medical transport vans.

65. Defendants purchased medical transport vans for its Drivers to transport customers.

66.     Defendants maintain the medical transport vans.

67.     Defendants purchased tires for the medical transport vans.

68.     Defendants pay their drivers an hourly rate which is constant regardless of the number of hours worked.

69.     Defendants' Drivers have worked more than forty hours in a workweek in the last three years.

70.     Defendants do not pay their Drivers time and one-half premium compensation for each hour worked over forty in a workweek.

71.     At some point in the past two years, McKinney has worked more than forty hours a week for Defendants.

72.     McKinney did not receive time and one-half premium compensation when he worked in excess of forty hours in a workweek.

73.     The Collective Class performed more than forty hours of work in a workweek during the three years preceding the filing of this complaint.

74.     During weeks when the Collective Class performed more than forty hours of work in a workweek, the Collective Class were not paid time and one-half the regular rate of compensation for each hour over forty hours.

75. The Wisconsin Class performed more than forty hours of work in a workweek during the three years preceding the filing of this complaint.

76. During weeks when the Wisconsin Class performed more than forty hours of work in a workweek, the Wisconsin Class were not paid time and one-half the regular rate of compensation for each hour over forty hours.

77. Defendants suffered or permitted McKinney, the Wisconsin Class and the Collective Class to work without being paid appropriate compensation for each hour worked.

78. Defendants do not maintain complete and accurate time records for McKinney, the Wisconsin Class and the Collective Class. Defendants do not maintain accurate records of the start and end time of each Driver's workday; nor have Defendants accurately recorded the start and end time of any unpaid breaks.

79. Defendants' conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to McKinney, the Wisconsin Class and the Collective Class.

80. Shikman is involved in the management, supervision and oversight of Med Group Transportation; has the ability to hire and fire employees; is involved in and has control of employee compensation, benefits decision and policy making; is involved in Med Group

Transportations' day-to day functions; has a role in determining employee hourly rate; and has control over classification of individuals who perform work for Med Group Transportation.

81.     Shikman specifically was involved in the decision to pay Defendants' Drivers straight-time for hours worked over forty hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

82.     The First Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b), by McKinney on behalf of the Collective Class.

83.     The FLSA claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

84.     McKinney and the Collective Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the Collective Class.

85.     McKinney and the Collective Class seek relief on a collective basis challenging, among other FLSA violations, Defendants'

Case 2:13-cv-00222-JPS   Filed 02/28/13   Page 14 of 27   Document 1

practice of failing to accurately record all hours worked and failing to pay employees for all hours worked including overtime compensation.

86. The FLSA 216(b) Collective Class is readily ascertainable. For purpose of notice and other purposes related to this action, their names, phone numbers, social security numbers, and addresses are readily available from Defendants. Notice can be provided to the Collective Class via first class mail to the last address known to Defendants and through posting at Defendants' facilities in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

87. McKinney brings his Wisconsin state law claims, pursuant to the WWPCL, under Fed. R. Civ. P. 23 on behalf of the Wisconsin Class for violation occurring on or after the date that is two years before the filing of the Complaint in this case (the "Wisconsin Class Period").

88. The Wisconsin Class members are readily ascertainable. The number and identity of the Wisconsin Class members are determinable from the records of Defendants. The job titles, length of employment and the rates of pay for each Wisconsin Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names, addresses, phone numbers, and social security numbers are readily available from

Case 2:13-cv-00222-JPS   Filed 02/28/13   Page 15 of 27   Document 1

Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

89. The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than sixty members of the Wisconsin Class.

90. McKinney's claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All the Wisconsin Class members were subject to the same corporate practice of Defendants, as alleged herein, failing to compensate employees at proper rate for each hour worked over forty (40) hours a week pursuant to the WWPCL. Defendants' corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. McKinney and other Wisconsin Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

Case 2:13-cv-00222-JPS   Filed 02/28/13   Page 16 of 27   Document 1

91.     McKinney is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. McKinney is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented numerous plaintiffs in class and collective action wage and hour cases.

92.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them.

93.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation

Case 2:13-cv-00222-JPS   Filed 02/28/13   Page 17 of 27   Document 1

claims would result in a great expenditure of court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

94.     Defendants have violated and continue to violate the WWPCL regarding payment of overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

Case 2:13-cv-00222-JPS   Filed 02/28/13   Page 18 of 27   Document 1

95.     There are questions of fact and law common to the Wisconsin Class that predominates over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

a) Whether McKinney and the Wisconsin Class are exempt from the overtime requirements of Wisconsin law;

b) Whether the work performed by McKinney and the Wisconsin Class is compensable under Wisconsin law;

c) Whether Defendants engaged in a pattern or practice of suffering or permitting McKinney and the Wisconsin Class to perform work for Defendants' benefit without being properly compensated;

d) Whether Defendants failed to maintain true and accurate records for all hours worked by McKinney and the Wisconsin Class as required by Wisconsin Law;

e) Whether Defendants failed to pay the Wisconsin Class for all work Defendants suffered or permitted them to perform; and

f) The nature and extent of class-wide injury and the measure of damages for the injury.

96.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the claims.

## FIRST CLAIM FOR RELIEF
## Violation of the Fair Labor Standards Act of 1938 as Amended
### (Plaintiff on behalf of himself and the Collective Class)

97.     McKinney, on behalf of himself and the Collective Class, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

98.     In the three years from the filing of this complaint, McKinney and the Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et. seq.

99.     In the three years from the filing of this complaint, Med Group Transportation was an employer of McKinney and the Collective Class as provided under the FLSA.

100.     Med Group Transportation is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

101.     At all times material herein, Shikman was an employer of McKinney and the Collective Class as provided under the FLSA.

102.     McKinney and the Collective Class are victims of a uniform compensation policy and practice in violation of the FLSA.

103.     Defendants violated the FLSA by failing to account for and compensate McKinney and the Collective Class for overtime premium pay for each hour he/she worked in excess of forty (40) hours each workweek.

Case 2:13-cv-00222-JPS   Filed 02/28/13   Page 20 of 27   Document 1

104.    In perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate records for all of the time worked by McKinney and the Collective Class.

105.    The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

106.    Defendants were and are subject to the overtime pay requirements of the FLSA because Defendants are an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. §203(b).

107.    Defendants' failure to properly compensate McKinney and the Collective Class and failure to properly record all compensable work time was willfully perpetrated. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, McKinney and the Collective Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium pay

Case 2:13-cv-00222-JPS   Filed 02/28/13   Page 21 of 27   Document 1

wages, McKinney and the Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

108.   As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendants from McKinney and the Collective Class for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

109.   McKinney and the Collective Class are entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

110.   Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of WWPCL – Unpaid Wages and Overtime
### (Plaintiff on behalf of himself and the Wisconsin Class)

111.    McKinney, on behalf of himself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

112.    At all relevant times, McKinney and the Wisconsin Class were employees within the meaning of Wis. Stat. § 109.01(1r).

113.    At all relevant times, McKinney and the Wisconsin Class were employees within the meaning of Wis. Stat. § 103.001(5).

114.    At all relevant times, McKinney and the Wisconsin Class were employees within the meaning of Wis. Stat. § 104.01(2)(a).

115.    At all relevant times, Med Group Transportation was an employer within the meaning of Wis. Stat. §109.01(2).

116.    At all relevant times, Med Group Transportation was an employer within the meaning of Wis. Stat. § 103.001(6).

117.    At all relevant times, Med Group Transportation was an employer within the meaning of Wis. Stat. § 104.01(3)(a).

118.    At all relevant times, Med Group Transportation was an employer within the meaning of Wis. Admin. § DWD 272.01(5).

119.    At all relevant times, Med Group Transportation has employed, and continues to employ McKinney and the Wisconsin Class

Case 2:13-cv-00222-JPS   Filed 02/28/13   Page 23 of 27   Document 1

as within the meaning of Wis. Stat. §§ 109.01 et seq., 103.01 et seq. 104.01 et seq. and Wis. Admin. Code § DWD 272.01.

120.   At all relevant times, Shikman was an employer within the meaning of Wis. Stat. § 109.01(2).

121.   At all relevant times, Shikman was an employer within the meaning of Wis. Stat. § 103.001(6).

122.   At all relevant times, Shikman was an employer within the meaning of Wis. Stat. § 104.01(3)(a).

123.   At all relevant times, Shikman was an employer within the meaning of Wis. Admin. § DWD 272.01(5).

124.   At all relevant times, Shikman has employed, and continues to employ McKinney and the Wisconsin Class as within the meaning of Wis. Stat. §§ 109.01 et seq., 103.01 et seq. 104.01 et seq. and Wis. Admin. Code § DWD 272.01.

125.   Throughout the Wisconsin Class Period, McKinney and the Wisconsin Class members regularly performed activities that were an integral and indispensable part of the employees' principal activities without receiving compensation for these activities.

126.   At all relevant times, Defendants had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Class overtime compensation.

Case 2:13-cv-00222-JPS   Filed 02/28/13   Page 24 of 27   Document 1

127.    The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

128.    Defendants willfully failed to pay McKinney and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a week, in violation of Wisconsin Wage Payment Laws.

129.    As set forth above, McKinney and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, McKinney, on behalf of himself and the Wisconsin Class, seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, McKinney and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

130.    Plaintiff, on behalf of himself and the Wisconsin Class, seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

WHEREFORE, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly situated current and former employees who are members of the Collective Class informing them of this action and their rights to participate in this action and including such future employees who may commence employment during the pendency of this action. Such Notice shall inform all members of the Collective Class of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the members of the Collective Class that it is illegal for Defendants to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Cross Law Firm as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and are and were willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendants to pay McKinney and members of the Collective Class and Wisconsin Class damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendants to pay McKinney and members of the Collective Class and Wisconsin Class liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

g) Issue an Order directing Defendants to reimburse McKinney and members of the Collective Class and Wisconsin Class for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h) Provide McKinney and members of the Collective Class and Wisconsin Class with such other and further relief, as the Court deems just and equitable.

<u>DEMAND FOR JURY TRIAL</u>

McKinney hereby requests trial by jury of all issues triable by jury under federal law.

Dated this 28th day of February 2013.

Respectfully submitted,

 s/LARRY JOHNSON
Larry A. Johnson
State Bar No. 1056619
Noah Reinstein
State Bar No. 1056754
Nola J. Hitchcock Cross
State Bar No. 1015817

Cross Law Firm, S.C.
The Lawyers' Building
845 N. 11th Street
Milwaukee, WI 53233
(414) 224-0000 (office)
(414) 273-7055 (facsimile)
nreinstein@crosslawfirm.com
ljohnson@crosslawfirm.com
njhcross@crosslawfirm.com
Attorneys for Plaintiff