UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| **LYNDON MCKINNEY, et al.** | Case No. 13-cv-222 |
| Plaintiffs, | |
| **MED GROUP TRANSPORTATION, LLC, et al.** | AMENDED ANSWER |
| Defendants. | |

**NOW COME** the defendants, Med Group Transportation, LLC and Eugene Shikman, by their attorneys, Machulak, Robertson & Sodos, S.C., by Attorney Eugene Bykhovsky, and answer the plaintiff's complaint as follows:.

1. To the extent that Paragraph 1 requires an answer from the defendants, the defendants deny that the plaintiff was an employee of defendant Eugene Shikman. Defendants further deny that the driver's principal activity was providing non-emergency medical transportation in specialized medical vehicles. Defendants further deny that Med Group Transportation, LLC and Eugene Shikman do not pay their drivers for certain travel time which is integral and indispensable to the driver's principal work activity.

2. Deny and put plaintiff to his proof.

3. Paragraph 3 makes allegations of law, which do not require a response from the defendant. To the extent that a response is required, defendants deny and put the plaintiffs to his proof.

4. Paragraph 4 makes allegations of law, which do not require a response from the defendant. To the extent that a response is required, defendants deny and put the plaintiffs to his

proof.

5. Paragraph 5 makes allegations of law, which do not require a response from the defendant. To the extent that a response is required, defendants deny and put the plaintiffs to his proof.

6. Paragraph 6 makes allegations of law, which do not require a response from the defendant.

7. Paragraph 7 makes allegations of law, which do not require a response from the defendant.

8. Paragraph 8 makes allegations of law, which do not require a response from the defendant.

9. Admit.

10. Deny that Mr. Shikman is the owner of Med Group Transportation. Admit the remaining allegations of Paragraph 10.

11. Admit.

12. Paragraph 12 is not an allegation of fact and does not require an admission or denial from the defendants.

13. Admit.

14. Paragraph 14 makes allegations of law, which do not require a response from the defendant. To the extent that a response is required, defendants deny and put the plaintiffs to his proof.

15. Paragraph 15 makes allegations of law, which do not require a response from the defendant. To the extent that a response is required, defendants deny and put the plaintiffs to his proof.

16. Admit.

17. Admit.

18. Defendants admit that one of the services provided by Med Group Transportation is non-emergency medical transportation, and further allege that Med Group Transportation provides common carrier services for people of all ages and health conditions .

19. Admit.

20. Admit that Med Group Transportation operates some vehicles that are modified to accommodate loading and unloading of wheelchair-bound customers, but further allege that the majority of Med Group Transportation's vehicles are unmodified vehicles.

21. Admit the defendants' drivers are dispatched by defendants to various locations to pick up and provide transportation services to defendants' customers. Deny the remaining allegations of paragraph 21.

22. Defendants admit that their drivers pick up the defendants' vehicles from the company's Mequon location prior to the driver's shift. Defendants further admit that in the beginning of the day or during the previous day, the drivers are provided with information regarding the driver's first several pick-up locations for that day. Defendants admit that drivers are required to travel to the location of the first customer pick-up. Defendants deny the remaining allegations of paragraph 22 and put plaintiffs to his proof.

23. Beginning in 2012, Med Group Transportation, LLC began to compensate its drivers when they arrive at the first customer pick-up location. The defendants deny the remaining allegations of paragraph 23.

24. Defendants admit that beginning in 2012, Med Group Transportation, LLC's drivers are not compensated for picking up their vehicles from the Mequon parking lot and

traveling to their first job site of the day. Defendants deny the remaining allegations of paragraph 24 and put the plaintiff to his proof.

25. Admit that after the last dispatch each day, Med Group Transportation, LLC's drivers are required to return their vans to Med Group Transportation, LLC's central location. Defendants deny the remaining allegations of paragraph 25 and put the plaintiff to his proof.

26. Deny and put plaintiff to his proof.

27. Deny and put plaintiff to his proof.

28. Deny that defendants' vehicles are "medical transport vans" and further deny that all taxis have top lights. Admit the remaining allegations of paragraph 28.

29. Deny that Med Group Transportation, LLC's vehicles are "medical transport vans." Admit the remaining allegations of paragraph 29.

30. Deny that Med Group Transportation, LLC's vehicles are "medical transport vans." Admit the remaining allegations of paragraph 30.

31. Deny that Med Group Transportation, LLC's vehicles are "medical transport vans." Admit the remaining allegations of paragraph 31.

32. Deny that Med Group Transportation, LLC's vehicles are "medical transport vans." Admit the remaining allegations of paragraph 32.

33. Deny that Med Group Transportation, LLC's vehicles are "medical transport vans." Admit the remaining allegations of paragraph 33.

34. Deny and put plaintiff to his proof.

35. Deny and put plaintiff to his proof.

36. Admit as to defendant Med Group Transportation, LLC and deny as to defendant Shikman.

37. Deny and put plaintiff to his proof.

38. Admit that before drivers of Med Group Transportation, LLC can pick up a passenger, they have to obtain authorization from dispatch. Deny the remaining allegations of paragraph 38 and put plaintiff to his proof.

39. Deny and put plaintiff to his proof.

40. Paragraph 40 makes an allegation of law which does not require a response. To the extent that a response is required, the defendants deny and put plaintiff to his proof.

41. Deny and put plaintiff to his proof.

42. Deny and put plaintiff to his proof.

43. Deny and put plaintiff to his proof.

44. Deny that Med Group Transportation, LLC's vehicles are "medical transport vans." Admit the remaining allegations of paragraph 44.

45. Admit.

46. Admit.

47. Admit.

48. Deny that Med Group Transportation, LLC's vehicles are "medical transport vans." Admit the remaining allegations of paragraph 48.

49. Deny and put plaintiff to his proof.

50. Deny and put plaintiff to his proof.

51. Deny and put plaintiff to his proof.

52. Deny and put plaintiff to his proof.

53. Defendants admit that all of Med Group Transportation, LLC's passengers have to be scheduled and/or approved through dispatch. Deny the remaining allegations of paragraph 53

and put plaintiff to his proof.

54. Deny and put plaintiff to his proof.

55. Deny and put plaintiff to his proof.

56. Admit.

57. Deny and put plaintiff to his proof.

58. Admit that Med Group Transportation, LLC receives reimbursement from Medicaid for some of the transportation services provided to its customers. Deny the remaining allegations of paragraph 58 and put plaintiff to his proof.

59. Deny that Med Group Transportation, LLC's vehicles are "medical transport vans." Admit that some of Med Group Transportation, LLC's vehicles have doorways wide enough to accommodate some wheelchairs, but not others. Deny the remaining allegations of paragraph 59 and put plaintiff to his proof.

60. Deny that Med Group Transportation, LLC's vehicles are "medical transport vans." Admit that some of Med Group Transportation, LLC's vehicles have ramps or lifting devices for elevating wheelchairs from the curb or sidewalk to the vehicle, and further allege that the majority of the defendants' vehicles do not have such devices.

61. Deny that Med Group Transportation, LLC's vehicles are "medical transport vans." Admit that some of Med Group Transportation, LLC's vehicles have means to secure wheelchairs to the inside of the vehicle and further allege that the majority of the defendant's vehicles do not have such devices.

62. Admit.

63. Deny that Med Group Transportation, LLC's vehicles are "medical transport vans." Admit the remaining allegations of paragraph 63.

64. Deny that Med Group Transportation, LLC's vehicles are "medical transport vans." Admit the remaining allegations of paragraph 64.

65. Deny that Med Group Transportation, LLC's vehicles are "medical transport vans." Admit the remaining allegations of paragraph 65.

66. Deny that Med Group Transportation, LLC's vehicles are "medical transport vans." Admit the remaining allegations of paragraph 66.

67. Deny that Med Group Transportation, LLC's vehicles are "medical transport vans." Admit the remaining allegations of paragraph 67.

68. Admit the allegations contained in paragraph 68 of the complaint as to the time period prior to March 11, 2013. Deny the remaining allegations of paragraph 68.

69. Admit as to the plaintiff McKinney. Defendants do not have the necessary information to admit or deny the allegations of paragraph 69 as to all drivers. Therefore, deny and put the plaintiff to his proof.

70. Admit the allegations contained in paragraph 70 of the complaint as to the time period prior to March 11, 2013. Deny the remaining allegations of paragraph 70.

71. Admit.

72. Admit the allegations contained in paragraph 72 of the complaint as to the time period prior to March 11, 2013. Deny the remaining allegations of paragraph 72.

73. Deny that there is a collective class and put the plaintiff to his proof.

74. Deny that there is a collective class and put the plaintiff to this proof.

75. Deny that there is a collective class and put the plaintiff to his proof.

76. Deny that there is a collective class and put the plaintiff to his proof.

77. Deny and put plaintiff to his proof.

78. Deny and put plaintiff to his proof.

79. Deny and put plaintiff to his proof.

80. Admit.

81. Admit.

82. Paragraph 82 states conclusions of law which do not require a response. To the extent that a response is required, defendants deny and put plaintiff to his proof.

83. Paragraph 83 states conclusions of law which do not require a response. To the extent that a response is required, defendants deny and put plaintiff to his proof.

84. Deny and put plaintiff to his proof.

85. Deny and put plaintiff to his proof.

86. The defendants do not have the necessary information to admit or deny the allegations of paragraph 86. Therefore, deny and put plaintiff to his proof.

87. Paragraph 87 states legal conclusions which do not require an admission or denial by the defendants. To the extent that a response is required, deny and put plaintiff to his proof.

88. The defendant s do not have the necessary information to admit or deny the allegations of paragraph 88. Therefore, deny and put plaintiff to his proof.

89. The defendant s do not have the necessary information to admit or deny the allegations of paragraph 89. Therefore, deny and put plaintiff to his proof.

90. Deny and put plaintiff to his proof.

91. Defendants do not have the necessary information to admit or deny paragraph 91. Therefore, deny and put plaintiff to his proof.

92. Defendants do not have the necessary information to admit or deny paragraph 92. Therefore, deny and put plaintiff to his proof.

93. Defendants do not have the necessary information to admit or deny paragraph 93. Therefore, deny and put plaintiff to his proof.

94. Deny and put plaintiff to his proof.

95. The defendants do not have the necessary information to admit or deny paragraph 95. Therefore, deny and put plaintiff to his proof.

96. The defendants do not have the necessary information to admit or deny paragraph 96. Therefore, deny and put plaintiff to his proof.

97. Paragraph 97 does not make any allegations of law or fact and does not require a response. To the extent that a response is required, defendants deny and put plaintiff to his proof.

98. Paragraph 98 asserts an allegation of law which does not require a response. To the extent that a response is required, the defendants deny and put plaintiff to his proof.

99. Admit.

100. Admit.

101. Admit.

102. Deny and put plaintiff to his proof.

103. Deny and put plaintiff to his proof.

104. Deny and put plaintiff to his proof.

105. Paragraphs 105 makes allegations of law which do not require a response. To the extent that a response is required, the defendants deny and put plaintiff to his proof.

106. Paragraphs 106 makes allegations of law which do not require a response. To the extent that a response is required, the defendants deny and put plaintiff to his proof.

107. Deny and put plaintiff to his proof.

108. Deny and put plaintiff to his proof.

109. Deny and put plaintiff to his proof.

110. Paragraph 110 makes an allegation of law which does not require a response. To the extent that a response is required, defendants deny and put plaintiff to his proof.

111. Paragraph 111 does not state allegations which require a response. To the extent that a response is required, defendants restate and incorporate by reference their prior responses to the complaint.

112. Admit.

113. Admit.

114. Admit.

115. Admit.

116. Admit.

117. Admit.

118. Admit.

119. Admit.

120. Paragraph 120 is a conclusion of law which does not require an admission or denial. To the extent that a response is required, defendants deny and put plaintiff to his proof.

121. Admit.

122. Admit.

123. Admit.

124. Admit as to the allegations relating to plaintiff McKinney. The defendants lack the information to admit or deny the remaining allegations of paragraph 124. Therefore, deny and put plaintiff to his proof.

125. Deny and put plaintiff to his proof.

126. Deny and put plaintiff to his proof.

127. Deny and put plaintiff to his proof.

128. Deny and put plaintiff to his proof.

129. The defendants lack the information to admit or deny. Therefore, deny and put plaintiff to his proof.

130. Paragraph 130 makes allegations of law which do not require an admission or denial. To the extent that a response is required, defendants deny and put plaintiff to his proof.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Some or all of the plaintiff's claims may be barred by the applicable statute of limitations. The defendants specifically assert that the defendants' conduct, relevant to the claims asserted by the plaintiff, was not willful, and the 2 year statute of limitations is applicable to this action.

3. Some or all of the plaintiff's claims may be barred by the doctrine of estoppel, issue preclusion and/or claim preclusion. The defendants specifically assert that the question of whether the plaintiffs are entitled to overtime pay has been previously litigated through the State of Wisconsin DWD Administrative proceedings, and the parties may be bound by the results of those proceedings.

4. Some or all of plaintiff's claims may be barred or limited by the Portal Act (29 U.S.C. §258-59. Specifically, the defendants assert that on May 4, 2011, the State of Wisconsin Department of Workforce Development issued a decision in ERD Case # LS201002958, finding that the defendant Med Group Transportation's drivers are exempt from overtime compensation pursuant to the taxi-cab exception. The defendants have operated in reliance on that

determination.

5. For the reasons stated above, the defendants assert a good-faith defense pursuant to 29 U.S.C. §260.

6. Some or all of the plaintiff's claims relating to plaintiff's activities that were preliminary or postliminary to the plaintiff's primary employment activities, may be precluded under 29 U.S.C. §254.

7. Plaintiffs are exempt from overtime pay pursuant to 29 U.S.C. §213(b)(17) and DWD Chapter 274.

**WHEREFORE,** the defendants pray for dismissal of the plaintiff's complaint on the merits, with prejudice, and with costs and disbursements of this action awarded to the defendants. The defendants further pray for any all other relief deemed equitable and just by the Court.

### JURY DEMAND

The defendants demand a jury trial on all issues triable to a jury.

Dated this 15th day of April, 2013.

> MACHULAK, ROBERTSON & SODOS, S.C.
> Attorneys for the Defendants
> Med Group Transportation, LLC and
> Gene Shikman
>
> /s/ Eugene Bykhovsky
> Eugene Bykhovsky
> State Bar No. 1046111

**Post Office Address:**
1733 North Farwell Avenue
Milwaukee, Wisconsin 53202
(414) 271-0760