# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LYNDON McKINNEY,

    Plaintiff,

v.                                            Case No. 13-C-222

MED GROUP TRANSPORTATION LLC, and
EUGENE SHIKMAN,

    Defendants.

## ORDER RE: MEDIATION

The matter has been referred to this court for mediation by United States District Judge J.P. Stadtmueller. Based on this referral,

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. The court will conduct a mediation on **August 6, 2013, at 9:15 a.m.**, in Room 264, United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin.

2. Primary counsel who will try the case must be present. A person with full settlement authority also must be present at the conference. This requirement contemplates the presence of a party or, if a corporate entity, an authorized representative of the party. This requirement contemplates having a person present who can settle the case during the course of the conference without consulting a superior.

3. <u>Presettlement Conference Demand and Offer</u>.

    Prior to the conference, the attorneys are directed to discuss settlement with their respective clients and insurance representatives. In addition, plaintiff's counsel shall submit a written settlement demand to the defendant's counsel with a brief explanation of why such a settlement is appropriate by **July 16, 2013**. Defendant's counsel shall submit a written offer to the plaintiff's counsel with a brief explanation of why such a settlement is appropriate by **July 22, 2013**. On occasion, this process will lead directly to a settlement. If

settlement is not achieved, plaintiff's counsel shall send copies of these letters to the court by **July 29, 2013.** These settlement demand letters, which will not be part of the record in this case, shall be <u>sent directly to my chambers</u> at the United States Courthouse, Room 264, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202. These settlement demand letters **are not to be electronically filed**, but copies of them are to be provided promptly to all counsel of record.

4. In addition, the mediation conference statement of each party shall be <u>sent directly to my chambers</u> by **July 29, 2013**. It will not be part of the record in this case. This mediation statement shall set forth the relevant positions of the parties concerning the relevant issues, and damages. This mediation statement **is not to be electronically filed**. However, copies of the mediation conference statement are to be provided promptly to all counsel of record. The conference statement shall not exceed five pages in length.

5. A **separate <u>ex parte</u> letter** indicating the minimum or maximum settlement requirement of each party including damages and attorneys' fees, shall also be <u>sent directly to my chambers</u> by **July 29, 2013**. The <u>ex parte</u> letter will not be part of the record of this case and should **not be electronically filed**.

6. To promote a full and open discussion, communications occurring during the mediation cannot be used by any party with regard to any aspect of this litigation.

Dated at Milwaukee, Wisconsin, this 9th day of July, 2013.

                                    BY THE COURT:

                                    S/ Patricia J. Gorence
                                    PATRICIA J. GORENCE
                                    United States Magistrate Judge