# SETTLEMENT AGREEMENT

This Settlement Agreement is entered into this 31st day of January, 2014, by Med Group Transportation LLC and Gene Shikhman (collectively "Med Group Transportation") and Lyndon McKinney on behalf of himself and the opt-in plaintiffs ("Plaintiffs"). Plaintiffs and Med Group Transportation will be referred to herein as the "Parties."

1. The Plaintiffs filed a lawsuit against Med Group Transportation in the United States District Court for the Eastern District of Wisconsin, Case No. 13-CV-00222 (the "Action"). On December 18, 2013, the Court partially granted Plaintiffs' motion for summary judgment. (Dkt. 87.) The Parties have entered into this Agreement to resolve the Action and to fully and finally settle any and all disputes which have arisen between them as of the date of this Agreement.

2. In consideration of Med Group Transportation's representations and undertakings in this Agreement, Plaintiffs agree that they shall prepare and file all documents necessary to dismiss the Action with prejudice, and without further costs or attorney fees to any Party.

3. In consideration of the representations and undertakings of Plaintiff in this Agreement, Med Group Transportation agrees to pay the sum of $360,000.00, payable according to the following schedule:

>   February 15, 2014 - $70,000.00
>   November 15, 2014 - $70,000.00
>   February 15, 2015 - $50,000.00
>   November 15, 2015 - $50,000.00
>   February 15, 2016 - $50,000.00
>   November 15, 2016 - $50,000.00

Initials: _LM GS GS_

February 15, 2017 - $20,000.00

4. The February 15, 2014 payment of $70,000 will be allocated as follows: $19,725.02 to Cross Law Firm, S.C. for fees and costs (mailed to Plaintiffs' Counsel); $15,140.83 to Hawks Quindel, S.C. for fees ($4,140.83), costs ($3,000.00), an incentive payment to Lyndon McKinney ($5,000.00), and a reserve fund ($3,000.00) to be distributed to the class if not otherwise allocated (mailed to Plaintiffs' Counsel); and $35,134.15 allocated to each Plaintiff pursuant to the spreadsheet provided to Defendants' Counsel by Plaintiffs' Counsel which will be considered wages and is subject to normal payroll withholdings.

5. The November 15, 2014 payment of $70,000 will be allocated as follows: $23,333.33 to Hawks Quindel, S.C. for fees and $46,666.67 allocated to each Plaintiff pursuant to the spreadsheet provided to Defendants' Counsel by Plaintiffs' Counsel which will be considered wages and is subject to normal payroll withholdings.

6. The February 15, 2015 payment of $50,000 will be allocated as follows: $16,666.67 to Hawks Quindel, S.C. for fees and $33,333.33 allocated to each Plaintiff pursuant to the spreadsheet provided to Defendants' Counsel by Plaintiffs' Counsel which will be considered wages and is subject to normal payroll withholdings.

7. The remaining payments in Paragraph 3 will be made to Hawks Quindel, S.C. Trust Account and will be allocated as follows: 1/3 as attorneys' fees to Hawks Quindel, S.C. and 2/3 allocated as liquidated damages to each Plaintiff

pursuant to the spreadsheet provided to Defendants' Counsel by Plaintiffs' Counsel and for which a 1099 for these payments will be provided by Med Group Transportation.

8. Med Group Transportation agrees to continue paying overtime compensation to its drivers. Additionally, Med Group Transportation agrees to pay its drivers for pre- and post-shift work including obtaining vehicles, obtaining schedules, safety checks, returning paperwork, and traveling between Med Group Transportation's base and either the first or last customer of the day.

9. Plaintiffs agree that by signing this Agreement, and accepting the consideration described herein, they unconditionally and irrevocably release Med Group Transportation, its owners, officers, agents, representatives, including without limitation, Gene Shikhman, and successors, forever and with prejudice, from all claims arising under the Fair Labor Standards Act and Wisconsin's wage and hour laws for overtime compensation or unpaid wages through the date of this Agreement. This release does not apply to claims which might arise after the date on which this Agreement is signed.

10. Plaintiffs agree that they will keep the dollar amount they receive in this settlement completely confidential. Plaintiffs can disclose that they have reached a resolution of the Action and received compensation. Additionally, the terms and details of this Agreement may be revealed to Plaintiffs' spouses, tax advisors, State and Federal taxing authorities, in any applications or forms in which Plaintiffs must list their income, accountants and/or legal counsel. The

Parties acknowledge that the disclosure of this Agreement, and/or its terms, may become necessary in response to an order or subpoena of a court of competent jurisdiction, or the subpoena or request of an agency of the state or federal government and any such disclosure is not a breach of this Agreement.

Plaintiffs acknowledge and agree that in the event of a beach of this provision, Med Group Transportation may cease payments to the alleged breaching Plaintiff only, and only after giving the alleged breaching Plaintiff written notice of the alleged breach detailing the factual basis of the alleged breach. A breach of this Paragraph by one plaintiff shall not affect the payments to be made under Paragraph 3 to other members of the settlement. If Med Group Transportation does stop payment based upon an alleged breach in this agreement, Med Group Transportation must file a legal action in a court of competent jurisdiction within 30 day of the written notice to the alleged breaching Plaintiff. In the event the breach is proven, in a court of competent jurisdiction, Med Group Transportation will be excused from making any further payments due under this agreement to the breaching Plaintiff ("payments due" will be determined by the remaining allocated amounts in the spreadsheet provided to Defendants' Counsel by Plaintiffs' Counsel for the breaching Plaintiff), and shall recover any attorneys' fees and costs incurred in bringing the action. If Med Group Transportation fails to prove the alleged breach, the Plaintiff who allegedly breached the agreement shall be entitled to his or her attorneys' fees and costs in defending, along with any outstanding payments under Paragraph 3 of this Agreement.

11. The Parties agree not to defame one another. A defaming statement is one which results in a material economic injury to the other party.

12. Nothing in the Agreement prevents any Party from initiating legal action to enforce its rights under this Agreement. If any legal action is brought by a Party to enforce its rights under this Agreement, the prevailing Party in that legal action shall be entitled to reimbursement of all attorneys' fees and costs it incurred to enforce its rights.

13. This Agreement sets forth the entire Agreement between the Parties and, unless specifically noted, supersedes any and all prior agreements, discussions, or understandings between the Parties relating to the subject matter of this Agreement.

14. This Agreement shall be construed by and interpreted in accordance with the laws of the State of Wisconsin. If any of its provisions are held to be invalid or unenforceable by a court of competent jurisdiction, that holding shall not affect any other provision of this Agreement. It is the intent of the parties that the provisions of this Agreement are severable.

[the remainder of this page is intentionally left blank]

Dated this 31st day of January.

Plaintiff Lyndon McKinney on behalf of himself and all opt-in plaintiffs

_____
Lyndon McKinney

Defendant Med Group Transportation, LLC

_____
By Gene Shikhman

Defendant Gene Shikhman

_____
Gene Shikhman

6

Initials: L.M

Case 2:13-cv-00222-JPS   Filed 02/06/14   Page 6 of 6   Document 90-1